IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE RIVER TOW, LLC, | : | CIVIL ACTION |
| | : | NO. 04-2850 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VERNELL NELSON, | : | |
| ALLSTATE INSURANCE CO., INC., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                      JUNE 3, 2005

        This action arises out of a salvage contract and comes
to the Court under 28 U.S.C. § 1333, which grants federal
district courts exclusive jurisdiction in any "civil case of
admiralty or maritime jurisdiction."  On February 7, 2005, the
Court held a bench trial.  The Court's findings of fact and
conclusions of law concerning the case are detailed in a
Memorandum dated February 10, 2005 (doc. no. 29), which is
available at 2005 WL 331706 or 2005 U.S. Dist. LEXIS 2071.  Also
on February 10, 2005, the Court issued two Orders: (1) an Order
directing that judgment as to liability only be entered in favor
of plaintiff, Delaware Tow, LLC and against defendant Vernell
Nelson, who had defaulted (doc. no. 28), and (2) an Order
directing that judgment be entered in favor of plaintiff and
against defendant Allstate in the amount of $4,654.50 (doc. no.

1

29).

On February 25, 2005, the Court held a hearing to consider whether to modify the $4,654.50 judgment against Allstate to include an award to plaintiff of interest, costs, and attorneys' fees.  The Court was also to determine the amount of Vernell Nelson's liability.  At the hearing, however, two circumstances hindered the Court's resolution of these issues: Counsel were not adequately prepared for the hearing, and Vernell Nelson appeared in the action for the first time.  In light of these circumstances, the Court continued the hearing and gave each party an opportunity to file a brief in support of any post-trial relief it requested.

On May 10, 2005, the Court resumed the February 25, 2005 hearing to permit the parties to orally argue their respective motions.  This Memorandum sets forth the Court's rulings on the issues presented at the May 10, 2005 hearing. Before the Court are the three outstanding issues:

1.    Should the judgment of $4,654.50 entered against Defendant Allstate (representing the contract price of salvaging the yacht) be amended to provide for interest, costs, and attorneys' fees?

2.    Should the judgment by default as to liability in favor of plaintiff and against Defendant Vernell Nelson (proceeding pro se) be set aside, and if not, what is the appropriate measure of damages against Vernell Nelson?

3.    Should the Court enter a default judgment in favor of Allstate and against Nelson on Allstate's cross-claim against Nelson?

2

These issues will be addressed in turn.

I.   Plaintiff v. Allstate--Interest, Costs and Attorneys' Fees

    A.   Interest

        The general rule in admiralty is that a prevailing party may recover pre-judgment interest except where equitable considerations make the award unconscionable.  Inland Tugs Co. v. Ohio River Co., 709 F.2d 1065, 1074-75 (6th Cir. 1983). Furthermore, "[p]re-judgment interest in Pennsylvania contract cases is a matter of right and is calculated from the time the money becomes due or payable."  Am. Enka Co. v. Wicaco Mach. Corp., 686 F.2d 1050, 1056 (3d Cir. 1982) (citing Penneys v. Pa. R.R. Co., 183 A.2d 544 (1962)).[1]  As to the rate of interest, "the party to whom the sum is owed may as a matter of right recover prejudgment interest at the legal rate of six percent [per annum] running from the date the sum is due." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 395 (3d Cir. 2000) (citing

_____

[1] Having found that Pennsylvania contract and agency law does not conflict with established admiralty principles relating to salvage contracts, the Court considered the merits of this case by applying Pennsylvania contract and agency law.  Del. River Tow, LLC v. Nelson, Civ.A. No. 04-2850, 2005 U.S. Dist. LEXIS 2071, at *8-9 (E.D. Pa. Feb. 10, 2005).  Cf. also Windsor Mt. Joy Mut. Ins. Co. v. Pozzi, 832 F. Supp. 138, 140 (E.D. Pa. 1993) ("Where . . . there is an absence of a controlling federal statute or an established rule of general maritime law, state law governs the scope and validity of contracts of marine insurance.").

<u>Am. Enka Co.</u>, 686 F.2d at 1056-57); <u>see also</u> 41 Pa. Cons. Stat.
Ann. § 202 (setting legal rate of interest at six percent per
annum).  Plaintiff seeks interest on the $4,654.50 judgment,
accruing from the date of salvage (February 9, 2004) to the date
of judgment (February 10, 2005), or approximately one year:
$4,654.50 * 6% = $279.27.  As the prevailing party, plaintiff is
entitled to this amount, and no equitable considerations counsel
against awarding it to plaintiff.  Indeed, Defendant Allstate
does not object to an award of pre-judgment interest to
plaintiff.  Accordingly, the judgment of $4,654.50 in favor of
plaintiff and against Defendant Allstate will be modified to
include an award of $279.27 in interest.


    B.   <u>Costs</u>

    The federal statute governing costs in admiralty cases
provides:

> Except as otherwise provided by Act of
> Congress, the allowance and taxation of costs
> in admiralty and maritime cases shall be
> prescribed by rules promulgated by the Supreme
> Court.

28 U.S.C. § 1125.  Although the Supreme Court has not exercised
its power to promulgate rules specifically addressing the
allocation of costs in admiralty cases, it has promulgated
Federal Rule of Civil Procedure 54.  Rule 54 applies here and
permits an award of costs to a prevailing party:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

Fed. R. Civ. P. 54(d)(1).[2]  The Third Circuit has clarified that the costs a district court may award a prevailing party under Rule 54(d) are limited to the "taxable costs" enumerated in 28 U.S.C. § 1920, the taxable costs statute:

> Rule 54(d) provides a standard to be applied by the district courts in awarding what are commonly referred to as taxable costs. Those taxable costs are listed in 28 U.S.C. § 1920. They do not include such litigation expenses as attorneys' fees and expert witness fees in excess of the standard daily witness fee. Rule 54(d) requires that such taxable costs be awarded to the prevailing party unless the court finds and articulates a reason why that party does not deserve such an award.

Friedman v. Ganassi, 853 F.2d 207, 209 (3d Cir. 1988).

The taxable costs statute lists six categories of litigation costs that a court (or the clerk of a court) may award:

---

[2] A party is a "prevailing party" for purposes of awarding costs when the Court has, after considering the merits of the case, awarded that party some relief "on any issue that is fundamental to the action." Hygienics Direct Co. v. Medline Indus., 33 Fed. Appx. 621, 625 (3d Cir. 2002) (citing County of Morris v. Nationalist Movement, 273 F.3d 527, 536 (3d Cir. 2001) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)).  Delaware River Tow is clearly a prevailing party because the Court entered judgment in its favor after a bench trial.

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title [28 USCS § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

Delaware Tow has requested that it be awarded the following costs: (1) fees of the Clerk ($150), (2) printing fees ($44.41) (3) deposition costs ($632.26), and (4) fee of process-serving company ($180.00). Under 28 U.S.C. § 1920, however, plaintiff would be entitled to only (1) fees of the Clerk ($150), (2) printing fees ($44.41), and (3) deposition costs ($632.26) because only those three items are listed in the statute. As the prevailing party, plaintiff is entitled to an award of these three specific items of costs unless a party opposing an award of costs shows the award would be inequitable. Smith v. SEPTA, 47 F.3d 97, 99 (3d Cir. 1995). Defendant Allstate does not oppose an award of costs to plaintiff, and even if it did, no equitable considerations weigh against an award of costs. Accordingly, the judgment of $4,654.50 in favor of plaintiff and against Defendant

Allstate will be modified to include an award of costs taxed in the amount of $826.67.

     C.   Attorneys' Fees

"As a general matter, attorneys' fees are not available in admiralty cases unless the court determines in its equitable discretion that one party has acted in bad faith."  Sosebee v. Rath, 893 F.2d 54, 56 (3d Cir. 1990) (citing F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974); Vaughan v. Atkinson, 369 U.S. 527, 530-31 (1962)); see also Inland Tugs Co., 709 F.2d at 1074 ("Equity principles applicable in admiralty permit attorney fees where there is a factual finding of 'callous disregard and indifference' of the party against whom the fees are allowed.").

Although this case involves a contractual dispute over a grand total of $4,654.50, plaintiff is requesting an award of attorneys' fees in an amount in excess of $7,913.98.  Plaintiff presents three arguments in favor of his request for attorneys' fees.  First, plaintiff requested that this Court "recognize the law of this District and this Circuit regarding the award of attorneys' fees in salvage cases, which clearly allows the award of salvor's fees in cases where the salvor prevails at trial."  Pl.'s Pretrial Mem. at 11 (doc. no. 23).  Remarkably, plaintiff supported his request with a cite to one case--from 1918--where

the Third Circuit <u>declined</u> a request to award attorneys' fees in

an admiralty case and made no statement that its conclusion was

contrary to a general rule in favor of such an award.  <u>See</u> <u>The</u>

<u>Johnson Lighterage Co. No. 24</u>, 248 F.74 (3d Cir. 1918).

Plaintiff's argument lies in as perilous a water as the sinking

yacht that gave rise to this suit.  Unlike the yacht, however,

this argument is not salvageable.[3]  In light of plaintiff's lack

of precedential support and <u>Sosebee</u>'s direction contrary to

_____

[3] Indeed, other circuits to have considered the issue have
held that a court may not award attorneys' fees in an admiralty
case absent a finding that the non-prevailing party acted in bad
faith.  <u>See</u> <u>Madeja v. Olympic Packers</u>, 310 F.3d 628, 635 (9th
Cir. 2002) ("The equitable grant of attorneys' fees is
appropriate in admiralty only when the shipowner acted
arbitrarily, recalcitrantly, or unreasonably.") (citing <u>Vaughan
v. Atkinson</u>, 369 U.S. 527, 531-32 (1962)); <u>Galveston County
Navigation Dist. No. 1 v. Hopson Towing Co.</u>, 92 F.3d 353, 357
(5th Cir. 1996) ("The evolution of this bad faith exception to
the American Rule in the context of admiralty law began with
<u>Vaughan v. Atkinson</u>, 369 U.S. 527 (1962)"); <u>Goodman v. 1973 26
Foot Trojan Vessel</u>, 859 F.2d 71, 74 (8th Cir. 1988)
("[A]ttorney's fees are not ordinarily awarded in admiralty
cases.  An exception is made to this general rule when the losing
party has acted in bad faith.") (internal citation omitted);
<u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 250 (1st Cir. 1985)
("Under admiralty law, a court has inherent power to assess
attorneys' fees when a party has acted in bad faith, vexatiously,
wantonly, or for oppressive reasons.") (internal quotation marks
omitted); <u>Interpool Ltd. v. Bernuth Agencies</u>, No. 97-750, 51997
U.S. App. LEXIS 32229 (2d Cir. Nov. 17, 1997) (not precendential)
("The award of fees and expenses in admiralty actions is
discretionary with the district judge upon a showing of bad
faith.").

plaintiff's position, plaintiff's first argument must be jettisoned.

Second, notwithstanding the Sosebee court's declaration that attorneys' fees are not available in admiralty cases absent a showing of bad faith, 893 F.2d at 56, plaintiff contends that in salvage actions such as this one (a subset of admiralty cases), a court has discretion to award attorneys' fees even absent a showing of bad faith.[4]  The Court disagrees.  None of plaintiff's cited authority constitutes valid precedential support for this argument; in fact, they contradict his argument. In particular, plaintiff points to a salvage case, Compania Galeana, S.A. v. Motor Vessel Caribbean Mara, 565 F.2d 358, 360 (5th Cir. 1978), which summarily stated that the award of "attorneys' fees is discretionary in admiralty actions and in

---

[4] Plaintiff also emphasizes the public policy in favor encouraging salvor's to undergo salvage attempts.  The Court previously acknowledged that its judgment in favor of plaintiff was consistent this policy.  See Del. River Tow, LLC, 2005 U.S. Dist. LEXIS 2071, at *18 n.8.  With respect to attorneys' fees, however, Sosebee requires a showing of bad faith, which plaintiff has failed to satisfy, and public policy does not change this result.  See Gore v. Clearwater Shipping Corp., 378 F.2d 584, 588 (3d Cir. 1967)  ("It is of course true that Admiralty and other equity courts have fashioned exceptions to the general rule against assessing attorneys' fees and expenses and that these exceptions 'have been sanctioned by (the Supreme) Court when overriding considerations of Justice seemed to compel such a result.'  But the cases applying these exceptions invariably involve wrongfulness or injustice often amounting to bad faith.") (internal citation omitted).

salvage cases specifically." (citations omitted).  The
precedential value of this case is minimal for two reasons.  One,
the case dedicated only two sentences to the question of
attorneys' fees and ultimately declined to award them.  Two, the
Fifth Circuit, in a subsequent salvage case, clarified that
Compania Galeana referred to an exception to the general rule
against an award of attorneys' fees in admiralty cases:

> In admiralty cases, however, it is the general
> rule that attorneys' fees are <u>not</u> awarded.
> <u>Noritake Co. v. M/V Hellenic Champion</u>, 627
> F.2d 724 (5th Cir. 1980).  Platoro cites
> <u>Compania Galeana, S.A. v. M/V Carribean Mara</u>,
> 565 F.2d 358 (5th Cir.1978), for the
> proposition that such an award lies in the
> discretion of the admiralty court.  We pointed
> out in <u>Noritake</u>, however, that <u>Compania
> Galeana</u> clearly referred to an exception to
> the rule: that attorneys' fees may be awarded
> <u>where the nonprevailing party has acted in bad
> faith</u>.  <u>Noritake</u>, 627 F.2d at 731 n. 5.

<u>Platoro Ltd., Inc. v. Unidentified Remains of a Vessel</u>, 695 F.2d
893, 905-06 (5th Cir. 1983) (emphasis added); <u>see also</u>  <u>Atlantis
Marine Towing, Inc. v. M/V Elizabeth</u>, 346 F. Supp. 2d 1266, 1276
(S.D. Fla. 2004) ("In <u>Compania Galeana</u> and <u>Cobb Coin Co.</u>, relied
upon by both Plaintiff AMT and the district court in <u>Treasure
Salvors, Inc.</u>, attorneys' fees were awarded based upon a finding
of bad faith by the nonprevailing party.  In admiralty cases,
however, it is the general rule that attorneys' fees are not
awarded . . . . An exception to the rule [is] that attorneys'
fees may be awarded where the nonprevailing party has acted in

bad faith.") (citing <u>Platoro</u> 695 F.2d at 905-06).[5]  All the foregoing authority makes clear that an award of attorneys' fees in this case is appropriate only upon a finding that Allstate acted in bad faith.

Finally, perhaps realizing the overwhelming authority contra its first two arguments, plaintiff contends Allstate acted in bad faith in refusing to pay plaintiff and by filing several motions at the various stages of this litigation.  In response, defendant argues that it properly defended this case and filed no frivolous motions.  Allstate's Mem. of Law, doc. no. 37, at (pp. unavailable).

Attorneys' fees are not warranted here.  It is true that Allstate refused to pay plaintiff and was ultimately found

---

[5] Moreover, the other cases cited by plaintiff involved bad faith on the part of the non-prevailing party.  <u>See</u> <u>Vaughan v. Atkinson</u>, 369 U.S. 527, 530-31 (1962) ("In the instant case respondents were callous in their attitude, making no investigation of libellant's claim and by their silence neither admitting nor denying it.  As a result of that recalcitrance, libellant was forced to hire a lawyer and go to court to get what was plainly owed him under laws that are centuries old.  The default was willful and persistent."); <u>Southernmost Marine Servs., Inc. v. One (1) 2000 Fifty Four Foot (54') Sea Ray named M/V POTENTIAL</u>, 250 F. Supp. 2d 1367, 1381 (S.D. Fla. 2003) ("Clearly, Plaintiffs were, by the Defendants' own candid admission from day one forward, entitled to a salvage award.  The only issue was the amount. . . . [I]t became clear that Defendants had very little, if any, basis in fact for disputing the salvage award they had agreed to, contracted for, and paid."); <u>Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel</u>, 549 F. Supp. 540, 563 (S.D. Fla. 1982) (finding "bad-faith harassment" engaged in by non-prevailing party).

liable for the salvage price.  Nevertheless, this case is unlike, for example, Southernmost Marine Services, 250 F. Supp. 2d at 1381, where an insurance company had virtually no basis in fact or law for refusing to pay a salvage claim to which it expressly agreed to pay and to which coverage clearly applied. Here, Allstate's liability to pay for the salvage was not so clearly established that its refusal to pay was frivolous or wholly unfounded to rise to the level of bad faith.  Cf. J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (requiring plaintiff-insured to show, by clear and convincing evidence, that the insurer (1) had no reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim).

Nor is this case like Cobb Coin Co., 549 F. Supp. at 562-63, where the defendant in a salvage case unnecessarily forced plaintiff to "undertake massive litigation" to recover a salvage award.  Rather, in this case, it is the performance of both counsel that has complicated and unnecessarily extended the litigation.[6]   In light of the foregoing, equity does not easily command the award of attorneys' fees to plaintiff.

---

[6] This relatively uncomplicated case worth less than $5,000.00 has generated a myriad of motions, legal briefs and hearings.

II.  <u>Plaintiff v. Vernell Nelson</u>

        Plaintiff and Vernell Nelson were parties to a written salvage contract.  The contract price of the salvage was $4,654.50.  Vernell Nelson allegedly failed to pay the contract price, prompting plaintiff to bring this lawsuit against him.  On January 18, 2005, the Clerk entered a default against Nelson, and on February 10, 2005 the Court entered a default judgment in favor of plaintiff against Nelson as to liability only.

        Nelson now asks the Court to set aside the judgment of default entered against him.  Specifically, Nelson stated at the May 10, 2005 hearing that he "does not recall" being served with plaintiff's process.  Plaintiff introduced the testimony of the personal server, William Sampson, who stated that, on July 1, 2004, he served Vernell Nelson at 1432 Summerville Avenue, Philadelphia, Pennsylvania 19141.  Nelson did not dispute that he resided at this address on July 1, 2004.

        The Court credits the testimony of William Sampson and discounts plaintiff's statement that he "does not recall" receiving service.  Because plaintiff properly served Nelson and Nelson failed to plead or otherwise respond within the time required by Federal Rule of Civil Procedure 12, judgment as to liability was properly entered in favor of plaintiff and against Nelson and will not be set aside.  Plaintiff is entitled to recover from Nelson the written contract price of $4,654.50.

Additionally, because no equitable considerations counsel against an award of interest and costs, plaintiff will also be awarded interest and costs.  Plaintiff has not alleged that Nelson acted in bad faith.  Accordingly, no attorneys' fees will be awarded to plaintiff.


III. <u>Allstate v. Nelson: The Cross-Claim</u>

        Defendant Allstate filed a cross-claim against Defendant Nelson.  <u>See</u> Allstate's Answer (doc. no. 16) (filed Nov. 24, 2004).  On February 18, 2005, after the Court entered judgment in favor of plaintiff and against Allstate, Allstate filed an application for entry of default against Defendant Nelson on Allstate's cross-claim against Nelson.  The Clerk entered a default on February 18, 2005.  Before the Court now is Allstate's motion for a default judgment against Nelson (doc. no. 31).  Defendant Nelson vigorously disputes that Allstate served him with the cross-claim.  <u>See</u> Letter from Vernell Nelson to Court (undated) (doc. no. 40).  The Court has construed this letter as a motion to set aside the entry of default on Allstate's cross-claim.

        Allstate contends that Vernell Nelson was properly served.  In support of that contention, Allstate offers a certificate of service, stating that it served its cross-claim on Nelson by "United States First Class Mail" and an affidavit from

14

Michael Maguire, Esq. stating that he served Nelson "via regular mail."  Notably, however, Allstate fails to cite the relevant rules of civil procedure demonstrating how its service was proper.

A reading of the relevant rules shows that Allstate's service on Nelson was not proper.  Rule 5 regulates service of "every pleading subsequent to the original complaint," including cross-claims.  Fed. R. Civ. P. 5(a).  With regard to service of such a pleading on a parties in default, Rule 5 provides:

> No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them <u>in the manner provided for service of summons in Rule 4</u>.

<u>Id.</u> (emphasis added).  Because Allstate's cross-claim asserted a new claim for relief against Nelson, the party in default, Allstate was required to serve Nelson in the manner provided for service of summons in Rule 4.  <u>See</u> James Wm. Moore et al., <u>Moore's Federal Practice</u> § 5.03 (3d ed. 1999) ("Parties who have never made an appearance in the proceedings (and are thus in default for failure to appear) must be served with a copy of any pleading or similar paper which asserts a new or additional claim for relief against such absentee party under the provisions of Rule 4.").  A cross-claim falls within the "pleadings subsequent to the original complaint" language of Rule 5.  <u>Id.</u> § 5.02.

Rule 4(e) governs the manner of service of a summons with which Allstate was required to comply.  Under Rule 4(e),

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>     (1) <u>pursuant to the law of the state in which the district court is located, or in which service is effected</u>, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>     (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).[7]  This judicial district is located in Pennsylvania, and Pennsylvania is where service was allegedly effected.  Pennsylvania's Rule for service of process by mail provides as follows:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant <u>by any form of mail requiring a receipt signed by the defendant or his authorized agent</u>.

---

[7] Allstate does not contend it hand-delivered its cross-claim to Nelson.  Therefore, Rule 4(e)(2) does not apply.

Pa. R. Civ. P. 403 (emphasis added).  Moreover, Pennsylvania Rule 405 provides in relevant part that "proof of service by mail under Rule 403 shall include a return receipt signed by the defendant . . . ."  Id. 405; Borah v. Monumental Life Ins. Co., No. Civ.A. 04-3617, 2005 U.S. Dist. LEXIS 2013, at *5 (E.D. Pa. Jan. 14, 2005).

Here, Allstate did not serve Nelson in accordance with the Pennsylvania rules because Allstate did not serve Nelson "by any form of mail requiring a receipt signed by Nelson."  Pa. R. Civ. P. 403.  Because Allstate failed to properly serve Nelson with its cross-claim, Allstate's motion for a default judgment will be denied and its cross-claim denied without prejudice. Defendant Nelson's motion to set aside entry of default will be granted.  See, e.g., Am. Tel. & Tel. Co. v. Merry, 596 F.2d 118, 120 n.2, 126 (2d Cir. 1979) (dismissing without prejudice cross-claim against party in default where cross-claim was not served in accordance with Fed. R. Civ. P. 4); D'Angelo v. Potter, 221 F.R.D. 289, 294 (D. Mass. 2004) (setting aside entry of default against defendant where amended complaint asserted new claims for relief but was not served in accordance with Fed. R. Civ. P. 4).

17

IV.   CONCLUSION

In light of the foregoing discussion, the $4,654.50 judgment in favor of plaintiff and against Allstate will be modified to include an award of interest and costs, but not attorneys' fees.  The Court will not set aside the default judgment as to liability in favor of plaintiff and against Vernell Nelson.  Judgment in the amount of $4,654.50 plus interest and costs will be entered in favor of plaintiff and against Vernell Nelson.  And Allstate's motion for default judgment against Vernell Nelson will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELAWARE RIVER TOW, LLC,   :   CIVIL ACTION
                                :   NO. 04-2850
        Plaintiff,     :
                                :
        v.                   :
                                :
VERNELL NELSON,            :
ALLSTATE INSURANCE CO., INC., :
                                :
        Defendants.    :

_____ORDER

      **AND NOW**, this **3rd** day of **June, 2005,** in accordance with the Memorandum of today's date, it is hereby **ORDERED** as follows:

1.    The Motion for Attorneys' Fees, Costs, and Interest filed by Plaintiff (doc. no. 38) is **GRANTED in part** and **DENIED in part** in accordance with the Memorandum of even date;

2.    The Court's Order of February 10, 2005 entering judgment in favor of Plaintiff and against Defendant Allstate in the amount of $4,654.50 is **MODIFIED** to include an award of pre-judgment interest ($279.27) and costs ($826.67);

3.    The Motion for Default Judgment as to Cross-Defendant Vernell Nelson filed by Allstate (doc. no. 34) is **DENIED;**

4.    The Default by Vernell Nelson for Failure to Appear,

19

Plead or Otherwise Defend on Allstate's Cross-Claim is **SET ASIDE;**

5.   Allstate is granted leave under Federal Rule of Civil Procedure 4(m) to properly serve Vernell Nelson with its cross-claim by **July 1, 2005** or the case will be dismissed for lack of prosecution.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**